Mark W. Lerner (mlerner@kasowitz.com)
Joshua D. Fulop (jfulop@kasowitz.com)
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Tel.:  (212) 506-1700
Fax:  (212) 506-1800

*Attorneys for Defendants Quinn, Emanuel,*
*Urquhart & Sullivan, LLP and David Eskanos*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NICHOLAS MONDELO,<br><br>Plaintiff,<br><br>v.<br><br>QUINN, EMANUEL, URQUHART &<br>SULLIVAN, LLP, PETER CALAMARI, AND<br>DAVID ESKANOS,<br><br>Defendants. | **Civil Action No.:**<br>**1:21-cv-02512 (CM)**<br><br>**ANSWER AND DEFENSES OF**<br>**DEFENDANTS QUINN EMANUEL**<br>**URQUHART & SULLIVAN LLP**<br>**AND DAVID ESKANOS** |

Defendants Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") and David

Eskanos ("Eskanos") (together, "Defendants"),[1] by and through their attorneys Kasowitz Benson

Torres LLP, answer the Amended Complaint, dated August 2, 2021 ("Amended Complaint"),

brought by plaintiff Nicholas Mondelo ("Plaintiff") as follows:

**JURISDICTION AND VENUE**

1.      Defendants admit that Plaintiff brings this action against Defendants Quinn

Emanuel and Eskanos pursuant to claims, theories and allegations that he alleges in the Amended

Complaint, as modified by the Decision, aver that, pursuant to the Decision, Calamari has been

---

[1] Pursuant to the Court's Decision and Order, dated February 22, 2022, partially granting
Defendants' motion to dismiss (the "Decision"),  Peter Calamari ("Calamari") has been dismissed
from this action, with prejudice, and therefore is no longer a defendant.

dismissed from this action, with prejudice, and therefore is no longer a defendant, deny that Plaintiff's claims have any merit whatsoever, and otherwise deny the allegations contained in this Paragraph.

2.      This Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this Paragraph.

3.      This Paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in this Paragraph.

## PARTIES

4.      Defendants admit the allegations contained in this Paragraph, except to aver that Quinn Emanuel also is devoted to business arbitration.

5.      Defendants admit that Quinn Emanuel maintains a New York office, aver that Quinn Emanuel's New York office is located at 51 Madison Avenue, New York, New York 10010, and otherwise deny the allegations contained in this Paragraph.

6.      Defendants admit that Calamari was the managing partner of Quinn Emanuel's New York office for a certain period of time during Plaintiff's tenure, but otherwise deny the allegations contained in this Paragraph.

7.      Defendants admit the allegations contained in this Paragraph.

8.      Defendants admit that Plaintiff was hired by Quinn Emanuel in or around April 2015 for the position of Regional Information Technology Director for U.S. East Coast and Midwest, deny knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegations that he is of Spanish ancestry and national origin, and otherwise deny the allegations contained in this Paragraph.

9. Defendants admit that Plaintiff held the position of New York Information Technology Manager at the time of his termination by Quinn Emanuel in May 2019, but otherwise deny the allegations contained in this Paragraph.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

## FACTS

11. Defendants admit the allegations contained in this Paragraph.

12. Defendants admit that Plaintiff had responsibilities for managing IT services in Quinn Emanuel's New York, Washington D.C., and Chicago offices, aver that he was not solely responsible for managing the IT services at those offices, and otherwise deny the allegations contained in this Paragraph.

13. Defendants deny the allegations contained in this Paragraph.

14. Defendants admit that Plaintiff reported directly to Robert Shutt, but otherwise deny the allegations contained in this Paragraph.

15. Defendants admit the allegations contained in this Paragraph.

16. Defendants admit that Plaintiff did not have independent authority to hire IT personnel for Quinn Emanuel's New York office, but otherwise deny the allegations contained in this Paragraph.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff was the only employee in Quinn Emanuel's IT Department

of Spanish ancestry and national origin, and otherwise deny the allegations contained in this Paragraph.

19.     Defendants deny the allegations contained in this Paragraph.

20.     Defendants deny the allegations contained in this Paragraph.

21.     Defendants deny the allegations contained in this Paragraph.

22.     Defendants admit that Plaintiff raised concerns to Ms. Klaeger in September 2015 about Eskanos's interactions with Plaintiff, but dispute that there was a hostile work environment and that Eskanos called Plaintiff a "spic," aver that Plaintiffs' complaint was pretextual in nature, and otherwise deny the allegations contained in this Paragraph.

23.     Defendants deny the allegations contained in this Paragraph.

24.     Defendants admit that Eskanos was Quinn Emanuel's Chief Information Officer at all times relevant to this case, but otherwise deny the allegations contained in this Paragraph.

25.     Defendants admit that Eskanos was Quinn Emanuel's Chief Information Officer at all times relevant to this case, aver that Plaintiff was within Eskanos's reporting line, and otherwise deny the allegations contained in this Paragraph.

26.     Defendants admit that Eskanos was the Chief Information Officer at all times relevant to this case with the duties and responsibilities of a Chief Information Officer and that Quinn Emanuel did not inform Plaintiff of disciplinary action against Eskanos, but otherwise deny the allegations contained in this Paragraph.

27.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's awareness, and otherwise deny the allegations contained in this Paragraph.

28.     Defendants admit that from October 2015 through March 2018, Plaintiff received direct and indirect instructions from Eskanos, that Plaintiff received instructions through Robert

Shutt, that Calamari facilitated communications at times between Eskanos and Plaintiff, and that Plaintiff did not generally have direct verbal communications with Eskanos, but otherwise deny the allegations contained in this Paragraph.

29.     Defendants admit and aver that Eskanos did not verbally harass Plaintiff on or after October 2015 or engage in race/ancestry-based mistreatment of Plaintiff, aver that Eskanos never verbally harassed Plaintiff or engaged in race/ancestry-based mistreatment of Plaintiff, and otherwise deny the allegations contained in this Paragraph.

30.     Defendants deny the allegations contained in this Paragraph.

31.     Defendants admit that Plaintiff was a salaried employee, but otherwise deny the allegations contained in this Paragraph.

32.     Defendants deny the allegations contained in this Paragraph.

33.     Defendants admit that Plaintiff was required to submit travel-related information and documentation prior to travelling to Washington D.C. and Chicago, deny knowledge or information sufficient to form a belief as to the frequency with which Plaintiff submitted such information and documentation, and otherwise deny the allegations contained in this Paragraph.

34.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of what Plaintiff was informed by Regional IT Directors, as well as the allegation that none of the other Regional IT Directors were Hispanic or of Spanish ancestry, admit that such Regional IT Directors had not filed an internal complaint about Eskanos, and otherwise deny the allegations contained in this Paragraph.

35.     Defendants admit that Quinn Emanuel generally leased the computers used by attorneys and other staff, the leases on a portion of the computers used by attorneys and other staff would expire periodically, Plaintiffs' duties included ordering new computers to replace those for

5

which the leases were expiring, and Plaintiff submitted order requests to Eskanos for approval, deny knowledge or information sufficient to form a belief as to the truth or falsity of what Plaintiff was informed by other Regional IT Directors, and otherwise deny the allegations contained in this Paragraph.

36.     Defendants deny the allegations contained in this Paragraph.

37.     Defendants deny the allegations contained in this Paragraph, and aver that at a certain point, Mr. Schirtzer assumed responsibility for approving travel expenses for all IT employees.

38.     Defendants admit that New York was Quinn Emanuel's largest office and Plaintiff was required to replace and remove old computers and install and set up new computers, but otherwise deny the allegations contained in this Paragraph.

39.     Defendants admit that the last lease expiration cycle for computers in the New York office that occurred while Plaintiff was employed at Quinn Emanuel was in or around the Spring of 2019, and that Plaintiff failed to perform his duties with respect to the lease expiration cycle, but otherwise deny the allegations contained in this Paragraph.

40.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of what Plaintiff was informed by other Regional IT Directors, and otherwise deny the allegations contained in this Paragraph.

41.     Defendants admit that in early 2018 Quinn Emanuel moved the location of its Washington D.C. office and that Plaintiff initially was responsible for overseeing the move, but otherwise deny the allegations contained in this Paragraph.

42.     Defendants admit that Calamari facilitated certain communications between Eskanos and Plaintiff concerning the office move, but otherwise deny the allegations contained in this Paragraph.

43.     Defendants admit that Shutt assumed responsibility for the move, aver that Plaintiff was unable to properly supervise and manage the move, and otherwise deny the allegations contained in this Paragraph.

44.     Defendants deny the allegations contained in this Paragraph.

45.     Defendants admit that Calamari facilitated communications between Eskanos and Plaintiff at times, but otherwise deny the allegations contained in this Paragraph.

46.     Defendants deny the allegations contained in this Paragraph.

47.     Defendants admit that Quinn Emanuel hired Kenneth Mitchell ("Mitchell") into Quinn Emanuel's Washington, D.C. office, with the role of Regional IT Director, deny knowledge or information sufficient to form a belief as to whether Mitchell is Hispanic, and otherwise deny the allegations contained in this Paragraph.

48.     Defendants admit that following Mitchell's hiring, Plaintiff was not responsible for Quinn Emanuel's Washington D.C. and Chicago offices, but otherwise deny the allegations in this Paragraph.

49.     Defendants admit that following Mitchell's hiring, Mitchell and Plaintiff discussed Plaintiff's role, in which role Plaintiff would report directly to Mitchell and would not have responsibility over the Washington DC and Chicago IT departments, but otherwise deny the allegations in this Paragraph.

50.     Defendants deny the allegations contained in this Paragraph.

51.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of when Plaintiff learned about Mr. Mitchell's hiring and his change in job duties, and otherwise deny the allegations contained in this Paragraph.

52.     Defendants admit that following Mr. Mitchell's hire, Plaintiff reported to Mitchell, but otherwise deny the allegations contained in this Paragraph.

53.     Defendants deny the allegations contained in this Paragraph.

54.     Defendants admit that beginning in approximately early 2019, a significant project undertaken by Quinn Emanuel's IT department was the upgrade of all Quinn Emanuel's computers from Windows 7 to Windows 10, but otherwise deny the allegations contained in this Paragraph.

55.     Defendants deny the allegations contained in this Paragraph, and aver that brief holds on the Windows 10 rollout while issues were resolved occurred at most offices, if not every office, including the New York and London offices.

56.     Defendants admit that Plaintiff was instructed to continue the rollout of Windows 10 in the New York office, but otherwise deny the allegations contained in this Paragraph.

57.     Defendants admit that the New York office was Quinn Emanuel's largest office in terms of number of users who needed to have their computer systems upgraded to Windows 10, but otherwise deny the allegations contained in this Paragraph.

58.     Defendants admit that Plaintiff was asked to present issues with the Windows 10 rollout to IT engineers in Quinn Emanuel's Los Angeles office, among others, but otherwise deny the allegations contained in this Paragraph.

59.     Defendants deny the allegations contained in this Paragraph.

60.     Defendants deny knowledge or information sufficient to form a belief as to Plaintiff's conversations with his counterparts and the truth or falsity of the allegation that in each

of his prior IT positions with other firms, Plaintiff had the ability to directly access technical assistance personnel of outside vendors, and otherwise deny the allegations contained in this Paragraph.

61.     Defendants admit that Plaintiff began testing Windows 10 with a small group of partners, deny knowledge or information sufficient to form a belief as to the truth or falsity of which or how many partners Plaintiff included in the group, and otherwise deny the allegations contained in this Paragraph.

62.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of how many complaints Plaintiff received or whether partners in Plaintiff's test group experienced disruption in their work, and otherwise deny the allegations contained in this Paragraph.

63.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

64.     Defendants admit that Plaintiff believed the New York office was not ready for a full-scale rollout of Windows, and otherwise deny the allegations contained in this Paragraph.

65.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff was concerned that rolling out Windows 10 without proper preparation would cause significant disruption across the New York office, and otherwise deny the allegations contained in this Paragraph.

66.     Defendants admit the allegations contained in the first sentence of the Paragraph, but otherwise deny the allegations contained in the Paragraph.

67.     Defendants deny the allegations contained in this Paragraph.

68.     Defendants deny the allegations contained in this Paragraph.

69.     Defendants deny the allegations contained in this Paragraph.

70.     Defendants deny the allegations contained in this Paragraph.

71.     Defendants deny the allegations contained in this Paragraph.

72.     Defendants deny the allegations contained in this Paragraph.

73.     Defendants deny the allegations contained in this Paragraph.

74.     Defendants deny the allegations contained in this Paragraph.

75.     Defendants deny the allegations contained in this Paragraph.

76.     Defendants deny the allegations contained in this Paragraph.

77.     Defendants deny the allegations contained in this Paragraph.

78.     Defendants deny knowledge or information sufficient to form a belief as to the allegations that Plaintiff had decades of success working at some of the largest and most demanding international law firms and was extremely proud of what he had achieved over the course of his career, and otherwise deny the allegations contained in this Paragraph.

79.     Defendants admit that Plaintiff could no longer properly perform his job in May 2019, but otherwise deny the allegations contained in this Paragraph.

80.     Defendants deny that Plaintiff experienced ongoing discrimination and retaliation by Eskanos, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph.

81.     Defendants admit that Plaintiff behaved erratically in his interactions with Quinn Emanuel employees, and that he could not perform his job duties, but otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this Paragraph.

82.     Defendants deny the allegations contained in this Paragraph.

83.     Defendants admit the allegations contained in this Paragraph.

84.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

85.     Defendants deny the allegations contained in this Paragraph.

86.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

87.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this Paragraph.

**FIRST CLAIM FOR RELIEF**
**Race/Ancestry Discrimination & Hostile Work Environment**
**(42 U.S.C. § 1981)**
**(Against Defendant Quinn Emanuel)**

88.     Defendants hereby incorporate by reference their responses to all the preceding paragraphs of the Amended Complaint as if set forth fully herein.

89.     Defendants deny the allegations contained in this Paragraph.

90.     Defendants deny the allegations contained in this Paragraph.

91.     Defendants deny the allegations contained in this Paragraph, and further deny that Plaintiff is entitled to any relief whatsoever.

92.     Defendants deny the allegations contained in this Paragraph, and further deny that Plaintiff is entitled to any relief whatsoever.

93.     Defendants deny the allegations contained in this Paragraph.

94.     Defendants deny the allegations contained in this Paragraph, and further deny that Plaintiff is entitled to any relief whatsoever.

**SECOND CLAIM FOR RELIEF**
**Retaliation**
**(42 U.S.C. § 1981)**
**(Against Defendant Quinn Emanuel)**

95.     Defendants hereby incorporate by reference their responses to all the preceding paragraphs of the Amended Complaint as if set forth fully herein.

96.     Defendants deny the allegations contained in this Paragraph.

97.     Defendants deny the allegations contained in this Paragraph.

98.     Defendants deny the allegations contained in this Paragraph, and further deny that Plaintiff is entitled to any relief whatsoever.

99.     Defendants deny the allegations contained in this Paragraph, and further deny that Plaintiff is entitled to any relief whatsoever.

100.    Defendants deny the allegations contained in this Paragraph.

101.    Defendants deny the allegations contained in this Paragraph, and further deny that Plaintiff is entitled to any relief whatsoever.

**THIRD CLAIM FOR RELIEF**
**Discrimination/Hostile Work Environment**
**(New York City Human Rights Law ("NYCHRL") - N.Y.C. Admin. Code § 8-107(7))**
**(Against Defendants Quinn Emanuel and David Eskanos)**

102.    Defendants hereby incorporate by reference their responses to all the preceding paragraphs of the Amended Complaint as if set forth fully herein.

103.    Defendants deny the allegations contained in this Paragraph.

104.    Defendants deny the allegations contained in this Paragraph.

105.    Defendants deny the allegations contained in this Paragraph, and further deny that Plaintiff is entitled to any relief whatsoever.

106.    Defendants deny the allegations contained in this Paragraph, and further deny that Plaintiff is entitled to any relief whatsoever.

12

107.    Defendants deny the allegations contained in this Paragraph.

108.    Defendants deny the allegations contained in this Paragraph, and further deny that Plaintiff is entitled to any relief whatsoever.

**FOURTH CLAIM FOR RELIEF**
**Retaliation**
**(New York City Human Rights Law ("NYCHRL") - N.Y.C. Admin. Code § 8-107(7))**
**(Against Defendants Quinn Emanuel and David Eskanos)**

109.    Defendants hereby incorporate by reference their responses to all the preceding paragraphs of the Amended Complaint as if set forth fully herein.

110.    Defendants deny the allegations contained in this Paragraph.

111.    Defendants deny the allegations contained in this Paragraph.

112.    Defendants deny the allegations contained in this Paragraph.

113.    Defendants deny the allegations contained in this Paragraph, and further deny that Plaintiff is entitled to any relief whatsoever.

114.    Defendants deny the allegations contained in this Paragraph, and further deny that Plaintiff is entitled to any relief whatsoever.

115.    Defendants deny the allegations contained in this Paragraph.

116.    Defendants deny the allegations contained in this Paragraph, and further deny that Plaintiff is entitled to any relief whatsoever.

**FIFTH CLAIM FOR RELIEF**
**Discrimination/Hostile Work Environment**
**(New York State Human Rights Law ("NYSHRL") - N.Y. Exec. Law § 296 et seq.)**
**(Against Quinn Emanuel and David Eskanos)**

117.    Defendants hereby incorporate by reference their responses to all the preceding paragraphs of the Amended Complaint as if set forth fully herein.

118.    Defendants deny the allegations contained in this Paragraph.

119.    Defendants deny the allegations contained in this Paragraph.

120.     Defendants deny the allegations contained in this Paragraph, and further deny that Plaintiff is entitled to any relief whatsoever.

121.     Defendants deny the allegations contained in this Paragraph, and further deny that Plaintiff is entitled to any relief whatsoever.

122.     Defendants deny the allegations contained in this Paragraph.

123.     Defendants deny the allegations contained in this Paragraph, and further deny that Plaintiff is entitled to any relief whatsoever.

**SIXTH CLAIM FOR RELIEF**
**Retaliation**
**(New York State Human Rights Law ("NYSHRL") - N.Y. Exec. Law § 296 et seq.)**
**(Against Quinn Emanuel and David Eskanos)**

124.     Defendants hereby incorporate by reference their responses to all the preceding paragraphs of the Amended Complaint as if set forth fully herein.

125.     Defendants deny the allegations contained in this Paragraph.

126.     Defendants deny the allegations contained in this Paragraph.

127.     Defendants deny the allegations contained in this Paragraph.

128.     Defendants deny the allegations contained in this Paragraph, and further deny that Plaintiff is entitled to any relief whatsoever.

129.     Defendants deny the allegations contained in this Paragraph, and further deny that Plaintiff is entitled to any relief whatsoever.

130.     Defendants deny the allegations contained in this Paragraph.

131.     Defendants deny the allegations contained in this Paragraph, and further deny that Plaintiff is entitled to any relief whatsoever.

**SEVENTH CLAIM FOR RELIEF**
**Aiding and Abetting Discrimination/Retaliation**
**(New York City Human Rights Law - N.Y.C. Admin. Code § 8-107(6))**
**(Against Defendant Peter Calamari)**

132.    Defendants hereby incorporate by reference their responses to all the preceding paragraphs of the Amended Complaint as if set forth fully herein.

133.    This claim for relief, along with former defendant Calamari, have been dismissed from this action, with prejudice, pursuant to the Court's Decision and accordingly no response is required.  To the extent a response is required, Defendants deny the allegations contained in this Paragraph.

134.    This claim for relief, along with former defendant Calamari, have been dismissed from this action, with prejudice, pursuant to the Court's Decision and accordingly no response is required.  To the extent a response is required, Defendants deny the allegations contained in this Paragraph.

135.    This claim for relief, along with former defendant Calamari, have been dismissed from this action, with prejudice, pursuant to the Court's Decision and accordingly no response is required.  To the extent a response is required, Defendants deny the allegations contained in this Paragraph.

**EIGHTH CLAIM FOR RELIEF**
**Aiding and Abetting Discrimination/Retaliation**
**(New York State Human Rights Law - N.Y. Exec. Law § 296(6))**
**(Against Defendant Peter Calamari)**

136.    Defendants hereby incorporate by reference their responses to all the preceding paragraphs of the Amended Complaint as if set forth fully herein.

137.    This claim for relief, along with former defendant Calamari, have been dismissed from this action, with prejudice, pursuant to the Court's Decision and accordingly no response is

required.  To the extent a response is required, Defendants deny the allegations contained in this Paragraph.

138.    This claim for relief, along with former defendant Calamari, have been dismissed from this action, with prejudice, pursuant to the Court's Decision and accordingly no response is required.  To the extent a response is required, Defendants deny the allegations contained in this Paragraph.

139.    This claim for relief, along with former defendant Calamari, have been dismissed from this action, with prejudice, pursuant to the Court's Decision and accordingly no response is required.  To the extent a response is required, Defendants deny the allegations contained in this Paragraph.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief, whether declaratory, injunctive, monetary, compensatory, punitive, equitable, costs and/or fees relating to this matter, or in any other form sought by Plaintiff, including, without limitation, the relief sought in Paragraphs (a)-(f) under the Amended Complaint's "Prayer for Relief."

## FURTHER DISCLAIMERS

Defendants deny each and every allegation of the Complaint, expect as specifically herein admitted, qualified or otherwise answered, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendo or speculation contained in the Amended Complaint.  Nothing contained in this Answer is intended or should be construed in any way to suggest that Defendants admit or concede the discoverability of any particular document or subject matter.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants notice the following potential defenses and affirmative defenses to Plaintiff's claims.  This list, however, is not intended to be exhaustive, nor is it intended to shift the applicable burdens of proof for Plaintiff's claims.  Defendants intend to rely upon any other defense and/or affirmative defense that may become available during the proceedings in this case, and hereby reserve their right to amend their Answer to assert any such defense(s).

1.      The Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred, in whole or in part, by his failure to set forth a prima facie case of discrimination, hostile work environment and/or retaliation under Section 1981, the NYSHRL and the NYCHRL.

3.      Plaintiff's claims are barred, in whole or in part, because any employment actions taken by Defendants with respect to his employment were based solely on legitimate, non-discriminatory and non-retaliatory reasons.

4.      Plaintiff's claims for relief are barred, in whole or in part, because his termination was justified since he was not qualified to perform his duties, failed to perform his duties properly, and engaged in misconduct.

5.      At all times relevant, Quinn Emanuel had in place and continues to have in place policies expressly prohibiting all forms of discrimination, harassment and retaliation in the workplace (hereinafter, "EEO Policies").  Quinn Emanuel's EEO policies are widely distributed to its employees.  The policies contain effective complaint procedures and are adhered to by Quinn Emanuel.  To the extent Plaintiff experienced or believe he experienced discrimination, a hostile work environment or retaliation of any kind, his claims are barred, in whole or in part, due to his

17

unreasonable failure to avail himself of the preventative and remedial measures made available to him, and because when he did complain, if ever, such complaints were promptly and thoroughly investigated and appropriate actions were taken in response thereto.

6.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations under Section 1981, the NYSHRL and the NYCHRL.

7.      Plaintiff's claims are barred, in whole or in part, because any harm or conduct that Plaintiff claims to have experienced was not so severe or pervasive as to alter the employment conditions and create an abusive working environment.

8.      Plaintiff's claims are barred, in whole or in part, because any harm or conduct that Plaintiff claims to have experienced was only petty slights and trivial inconveniences.

9.      Plaintiff's claims are barred, in whole or in part, because Eskanos was not the decision-maker in the adverse actions alleged by Plaintiff.

10.      Plaintiff's claims are barred, in whole or in part, because Eskanos is not an employer or supervisor within the meaning of the NYSHRL and the NYCHRL.

11.      Plaintiff's claims are barred, in whole or in part, because Eskanos did not engage in any discriminatory, retaliatory or harassing conduct against Plaintiff.

12.      Plaintiff's claims are barred, in whole or in part, under the same actor inference.

13.      Plaintiff's purported claims are barred, in whole or in part, by the doctrines of unclean hands and/or in pari delicto.

14.      Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

15.      Plaintiff's claims for relief are barred, in whole or in part, because he did not undertake a protected activity within the scope of Section 1981, the NYSHRL and the NYCHRL.

16. Plaintiff's claims are barred, in whole or in part, because he fails to allege a causal connection between the alleged animus by Eskanos and the alleged discriminatory conduct.

17. Plaintiff's retaliation claims are barred, in whole or in part, because he cannot allege a causal connection between his alleged protected activity and any adverse action.

18. Plaintiff's claims under the NYSHRL and NYCHRL are barred, in whole or in part, because he cannot demonstrate that any of his protected characteristics was a motivating factor in the alleged discrimination, hostile work environment, and retaliation.

19. Plaintiff's claims under Section 1981 are barred, in whole or in part, because he cannot demonstrate his race was the but for cause of the alleged discrimination, hostile work environment, and retaliation.

20. Plaintiff's purported claims are barred, in whole or in part, by the at-will employment doctrine.

21. Plaintiff's claims are bared, in whole or in part, by the after acquired evidence rule.

22. To the extent that Plaintiff suffered any damages, which damages are denied, any such damages are barred and/or must be reduced on account of Plaintiff's failure to mitigate damages.

23. To the extent that Plaintiff suffered any damages and/or is unable to mitigate such damages, which damages are denied, it is the result of Plaintiff's own conduct and actions and/or omissions.

24. Plaintiff has not sustained any legally cognizable damages or injuries by virtue of any matter alleged in the Amended Complaint.

25. The Amended Complaint fails to plead facts necessary to sustain a claim for punitive damages or equitable relief.

26.     Plaintiff's request for an award of punitive damages should be denied as a matter of law because Defendants did not act maliciously or with reckless indifference or willfully toward him therefore disallowing punitive/liquidated damages.

27.     Plaintiff's purported claims for punitive damages under the New York State Human Rights Law (the "NYSHRL") are barred because the NYSHRL does not provide for the recovery of such damages.

28.     Plaintiff cannot recover punitive damages for any alleged unlawful discriminatory practice because, at all times relevant to the Amended Complaint, each defendant engaged in good-faith efforts to comply with their obligations under all applicable federal, state or local laws relating to discrimination, harassment and retaliation in employment, and acted in good faith and not in reckless disregard of Plaintiff's rights.

**WHEREFORE,** Defendants respectfully request that the Court:

A.  Dismiss the Amended Complaint in its entirety with prejudice;

B.  Deny each and every demand and prayer for relief contained in the Amended Complaint;

C.  Award Defendants its costs; and

D.  Award Defendants such other and further relief as the Court deems just and proper.

Dated: March 11, 2022
       New York, New York

Respectfully submitted,

KASOWITZ BENSON TORRES LLP

By: ___/s/Mark W. Lerner_____
    Mark W. Lerner
    (mlerner@kasowitz.com)
    Joshua D. Fulop
    (jfulop@kasowitz.com)

1633 Broadway
New York, New York 10019
Tel.:   (212) 506-1700
Fax:    (212) 506-1800

*Attorneys for Defendants Quinn, Emanuel,
Urquhart & Sullivan, LLP and David Eskanos*